A. Eric Bjorgum (State Bar No. 198392)
Marc A. Karish (State Bar No. 205440)
KARISH & BJORGUM, PC
16 N. Marengo Ave., Suite 307
Pasadena, California  91101
Telephone: (213) 785-8070
Facsimile: (213) 995-5010
E-Mail: eric.bjorgum@kb-ip.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FRONTIER RECORDS and LISA FANCHER,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>FRONTIERS RECORDS S.r.l., an Italian limited liability company; UNIVERSAL MUSIC GROUP DISTRIBUTION CORP., a Delaware corporation; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.<br><br><br>**1.  INFRINGEMENT OF REGISTERED TRADEMARK (15 U.S.C. § 1114);**<br>**2.  FALSE DESIGNATION OR ORIGIN (15 U.S.C. § 1125(a);**<br>**3.  COMMON LAW TRADEMARK INFRINGEMENT;**<br>**4.  STATUTORY UNFAIR COMPETITION (CAL. BUS. AND PROF. CODE § 17200);**<br>**5.  COMMON LAW UNFAIR COMPETITION**<br><br><br>**REQUEST FOR JURY TRIAL** |

1

Plaintiffs FRONTIER RECORDS and LISA FANCHER, by and through their attorneys, Karish & Bjorgum, PC, respectfully submit this Complaint for trademark infringement and unfair competition as follows:

## JURISDICTION AND VENUE

1.     This is a claim for trademark infringement and unfair competition, under Title 15, U.S.C. Sections 1051 *et seq.*, as amended (hereinafter the "Lanham Act").

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1338, 1367 and the U.S. Constitution because this Complaint raises Federal a federal question, and the state law claims are related to the federal claim under the principles of supplemental jurisdiction.

3.     Plaintiff FRONTIER RECORDS ("FRONTIER") is a sole proprietorship owned by Plaintiff LISA FANCHER ("FANCHER") (collectively, "Plaintiffs").  Plaintiffs reside in the Central District of California.

4.     Defendant FRONTIERS RECORDS, S.r.l. ("FRONTIERS") is a foreign company that has transacted business and committed acts of infringement in the Central District of California, and are subject to the personal jurisdiction of this Court.

5.     On information and belief, Defendant UNIVERSAL MUSIC GROUP DISTRUBION, CORP. ("UMGD") is the successor to EMI Music Distribution and has its principal place of business in this District.

6.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391.

## THE PARTIES

7.     FRONTIER is a sole proprietorship existing under the laws of the State of California.  FRONTIER is a leading independent record company.

8.     Plaintiff FANCHER is the owner of FRONTIER.  She is a resident of this district and widely regarded for her role in the independent music industry.

COMPLAINT.

FRONTIER does not distribute its records through major label distributors, and it has always been operated as an independent label. FANCHER owns the registration in the trademark FRONTIER RECORDS.

9. On information and belief, Defendant FRONTIERS is a limited liability company organized under the laws of Italy.

10. On information and belief, Defendant UMGD is a Delaware corporation with its principal place of business in Santa Monica, California.

11. DOES 1-10, inclusive, are individuals or business entities of an unknown form.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12. FANCHER is the owner of a United States registered trademark in FRONTIER RECORDS, Reg. No. 3,401,182 (the "Mark"). The registration is for standard characters. On or about June 13, 2013, the U.S. Patent and Trademark Office accepted Plaintiff's declaration of use and incontestability in the Mark. FANCHER has been using the Mark since at least March 1, 1980. A copy of the registration information is attached as Exhibit A hereto.

13. Over the years, FRONTIER has released seminal punk rock and rock records by such bands as Suicidal Tendencies, Circle Jerks, Adolescents, the Weirdos, TSOL, Middle Class and Redd Kross. It has also released critically acclaimed music in other subgenres such as psychedelic rock, gothic rock, pop rock and alternative rock by bands like Thin White Rope, American Music Club, The Three O'Clock, Christian Death and Young Fresh Fellows.

14. FRONTIER is highly regarded as a pioneering independent record label. FRONTIER's thirtieth anniversary concert was held in a Los Angeles in 2010 and was widely covered in the music press.

15. FRONTIER's releases are marketed under the FRONTIER RECORDS mark. FRONTIER has also used a logo of the word "FRONTIER"

COMPLAINT.

wrapped in barb wire.  Attached hereto as Exhibit B is a copy of The Adolescents' LP record bearing the Mark and logo.  The logo and other marks derived from FRONTIER RECORDS are referred to herein as the "FRONTIER-Derived Marks."

16.    On information and belief, Defendant FRONTIERS is an Italian record label that releases rock music.  Defendant's recordings were initially available in limited quantities in the United States.  Attached hereto as Exhibit C is a copy of a search on Google Images for "Frontier Records" showing both FRONTIER's mark and FRONTIERS' mark.

17.    Beginning in or about 2010, Defendant FRONTIERS secured distribution of its product in the United States, through EMI Music.  In or about 2012, EMI's distribution arm was acquired by UMGD.  Plaintiffs began to receive inquiries about FRONTIERS' releases.

18.    Plaintiffs' attorney sent a cease and desist letter to FRONTIERS in 2012, and a series of correspondence followed.  Defendant FRONTIERS denied that FRONTIERS RECORDS infringes FRONTIER RECORDS.

19.    Since 2012, the pace and U.S. exposure of FRONTIERS' releases have been steadily increasing.  For instance, in 2013, FRONTIERS released material by Sammy Hagar, Def Leppard, Boston and Whitesnake.  Defendants have also released records by more underground bands such as Benedictum, Angelica and Primal Fear.

20.    At the same time, the media and consumers have been increasingly confusing Plaintiffs' products with Defendants'.   Attached as Exhibit D are communications and press releases showing the media or consumers misidentifying FRONTIERS product as originating or being associated with FRONTIER.

21.    Also, UMGD distributes recordings by artists that were initially on FRONTIER but left for other labels.  Such artists include The Three O'Clock and

the Long Ryders.  Also, acclaimed singer/songwriter Elliott Smith started his career in Heatmiser, another FRONTIER band.  On information and belief, his solo recordings were distributed via UMGD.

## FIRST CLAIM FOR RELIEF

### (For Infringement of a Registered Mark, 15 U.S.C. § 1114 – Against All Defendants)

22.     Plaintiffs repeat and hereby incorporate by reference in this paragraph the allegations contained in paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23.     Defendants' wrongful use of the name "Frontiers Records" comprises an infringement of FANCHER's registered trademark FRONTIER RECORDS and is likely to cause confusion, mistake and deception of the public as to the identity and origin of Defendants' goods, causing irreparable harm to FANCHER for which there is no adequate remedy at law.

24.     By reason of the foregoing acts, Defendants are liable to FANCHER for infringement of a registered mark under 15 U.S.C. § 1114.

## SECOND CLAIM FOR RELIEF

### (For False Designation Of Origin, Sponsorship, or Approval, 15 U.S.C. § 1125(a) – Against All Defendants)

25.     Plaintiffs repeat, reallege and hereby incorporate by reference in this paragraph the allegations contained in paragraphs 1 to 21 of this Complaint as if fully set forth herein.

26.     Plaintiff has built considerable goodwill and public recognition in the FRONTIER and FRONTIER-Derived Marks.

27.     Plaintiff did not authorize or consent to Defendants' use of the FRONTIER and FRONTIER-Derived Marks. Defendants' use of the "Frontiers Records" is likely to cause, confusion, mistake, and/or deception of others as to the

COMPLAINT.

origin, sponsorship, approval, affiliation, or association of Defendants' goods and services and Plaintiffs' goods and services, in violation of the Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a).

28.   Defendants' use of "Frontiers Records" has caused and will continue to cause damage to Plaintiffs in an amount to be proven at trial by, *inter alia*, confusing the media, fans and consumers, and constitutes unfair competition and infringement of Plaintiff's mark in violation of 15 U.S.C. § 1125(a).

29.   Defendants' conduct as alleged herein has irreparably damaged and will continue to irreparably damage Plaintiffs' market reputation, and goodwill, and may discourage current and potential customers from dealing with Plaintiffs. Such irreparable harm will continue unless Defendants' actions are enjoined during the pendency of this action, and thereafter.

30.   Defendants profit directly from their wrongful and confusing association with the FRONTIER Mark and FRONTIER-Derived Marks.

31.   Plaintiffs are informed and believe and based thereon allege that Defendants' acts alleged herein have been undertaken with full knowledge of Plaintiffs' rights and with the willful and deliberate intent to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with Plaintiffs' FRONTIER and FRONTER-Derived Marks.

## THIRD CLAIM FOR RELIEF

(For Common Law Trademark Infringement – Against All Defendants)

32.   Plaintiffs repeat, reallege and hereby incorporate by reference in this paragraph the allegations contained in paragraphs 1 to 21 of this Complaint as if fully set forth herein.

33.   The above-described acts of Defendants constitute common law trademark infringement.  Such acts have caused and will continue to cause irreparable and immediate injury to Plaintiffs for which they have no adequate

COMPLAINT.

remedy at law.  Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

34.     On information and belief, the foregoing acts of the Defendants are fraudulent, oppressive, willful and malicious in that they have been undertaken with a conscious disregard of Defendants' rights and with a desire to injure Plaintiffs' business and to improve their own, and entitle Plaintiffs to punitive or exemplary damages.

## FOURTH CLAIM FOR RELIEF

(For Unfair Competition, Cal. Bus. & Prof. Code § 17200 – Against All Defendants)

35.     Plaintiffs repeat, reallege and incorporate by reference in this paragraph the allegations contained in paragraphs 1 to 21 of this Complaint as if fully set forth herein.

36.     Defendants' actions as described herein constitute unlawful, unfair or fraudulent business practices as those terms are defined in Cal. Bus. & Prof. Code § 17200.

37.     Plaintiffs are entitled to restitution or disgorgement of all profits gained by Defendants as a result of their unfair competition.  Plaintiffs are further entitled to an injunction against further unfair business practices.

38.     Such acts have caused and will continue to cause irreparable and immediate injury to Plaintiffs for which Plaintiffs have no adequate remedy at law. Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

## FIFTH CLAIM FOR RELIEF

(For Common Law Unfair Competition – Against All Defendants)

COMPLAINT.

39.     Plaintiffs repeat, reallege and hereby incorporate by reference in this paragraph the allegations contained in paragraphs 1 to 21 of this Complaint as if fully set forth herein.

40.     The above-described acts of Defendants constitute common law unfair competition in that Defendants are passing off their goods and services as those of the Plaintiffs.  Such acts have caused and will continue to cause irreparable and immediate injury to Plaintiffs for which Plaintiffs have no adequate remedy at law. Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

41.     On information and belief, the foregoing acts of the Defendants are willful and malicious in that they have been undertaken with a conscious disregard of the Plaintiffs' rights and with a desire to injure the Plaintiffs' business and to improve their own, such that punitive or exemplary damages should be awarded against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1.     For an order permanently and preliminarily enjoining the Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them from:

a.     Directly or indirectly using, printing, distributing, trafficking in, selling, offering for sale, possessing, advertising, performing under, promoting or displaying in any way the FRONTIER RECORDS Mark or the FRONTIER-Derived Marks, or any simulation, reproduction, copy or colorable imitation of the FRONTIER RECORDS mark or FRONTIER-Derived Marks;

b.     Making any unauthorized use of  the FRONTIER RECORDS Mark or the FRONTIER-Derived Marks in such a way as to cause confusion,

COMPLAINT.

mistake or deception as to the affiliation, connection or association of the Plaintiffs as to the origin, sponsorship or approval of Defendants' products or services;

      c.    Otherwise infringing Counterclaimants' rights in and to the FRONTIER RECORDS or FRONTIER-Derived Marks;

      d.    For an order directing the Defendants to deliver for destruction all advertisements, and promotional items in their possession, or under their control, bearing or intended to bear the phrase "Frontiers Records" or "Frontiers;"

      e.    For an order requiring that disclaimers be sent to all media outlets, retailers and music distributors;

      f.    That Defendants be required to file with the Court and serve on Plaintiff within thirty (30) days after entry of any injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

2.    For an order that Defendants be held liable for all damages suffered by Plaintiffs resulting the acts alleged herein, for not less than $500,000;

3.    For a finding that the Defendants' acts complained of herein were willful within the meaning of 15 U.S.C. § 1117(c)(2);

4.    For a monetary award in an amount equal to (i) the Plaintiffs' actual damages, including corrective advertising, and (ii) to the extent not included in Plaintiffs' actual damages, the Defendants' profits arising from their acts complained of, such damages and profits to be trebled under 15 U.S.C. § 1117(a);

5.    For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law;

6.    For an award of costs under 15 U.S.C. § 1117(a);

7.    For a finding that this is an exceptional case within the meaning of, and for an award of attorneys' fees pursuant to,  15 U.S.C. § 1117(a);

8.    For a finding that the Defendants' acts were undertaken, intentionally, maliciously and/or with a reckless and wanton disregard of the plaintiffs' common

9

law trademark rights and for an award of exemplary damages pursuant to California Civil Code § 3295 in an amount sufficient to punish, deter, and make an example of defendants for the acts complained of herein;

9.      For an injunction against further violations of Cal.Bus.&Prof. Code § 17200 and disgorgement of profits under that section;

10.     For an award of costs; and

11.     That Plaintiffs be awarded such further legal and equitable relief as the Court deems proper.

Dated: January 16, 2014                    KARISH & BJORGUM, PC

                                           By: _____
                                           A. Eric Bjorgum
                                           Attorneys for Plaintiffs FRONTIER
                                           RECORDS and LISA FANCHER

10

COMPLAINT.

## **REQUEST FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38, Plaintiffs hereby request a trial by jury of all issues raised by the Claims which are properly triable to a jury.

Dated: January 16, 2014

KARISH & BJORGUM, PC

By: _____

A. Eric Bjorgum
Attorneys for Plaintiffs FRONTIER
RECORDS and LISA FANCHER

11

COMPLAINT.